# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-37-FDW

| | |
|---|---|
| LARRY WAYNE AIKEN, JR., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| MCSO STAFF, MECKLENBURG COUNTY SHERIFF'S OFFICE- JAIL DIVISION, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to Plaintiff's pro se complaint, he was confined in the Mecklenburg County Jail in December 2013, when he tried to obtain a "banned book" from prison officials that included seven Wicca religious books. Officer Rudisill responded to Plaintiff's second request for the materials and explained that "any book containing spells or enchantments, regardless if religious or not, are not allowed." (Doc. No. 1: Complaint at 4). Plaintiff's further efforts to obtain the Wicca materials met with similar resistance and explanation from prison officials: "[F]or safety reasons + and policies we cannot provide you with the instruments you requested." (Id.) Plaintiff contends that the failure to provide him with these materials violated his First Amendment rights and his rights as codified under the Religious Land Use and Institutionalized Persons Act (RLUIPA). See 42 U.S.C. §§ 2000cc-1 et seq.

In his claim for relief Plaintiff moves the Court only for injunctive relief through an entry

4

of an order that would permanently lift the ban on all Wicca materials for himself (should he be returned to custody there) and on behalf of all other inmates in the Mecklenburg County Jail.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Although Plaintiff was incarcerated at the time he was denied the Wicca materials, it appears from the docket in this case and from the website of the Mecklenburg County Sheriff's Office that Plaintiff was released from custody on March 11, 2014, and he resides in Statesville, North Carolina. Accordingly, because Plaintiff is no longer in custody and no longer being denied the Wicca materials by the defendants then injunctive or declaratory relief would be unavailable to him because his case is now moot. A case is considered moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). It is axiomatic that "[f]ederal courts lack jurisdiction to

decide moot cases because their constitutional authority extends only to actual cases or controversies." Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). In sum, in order to meet "the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Society, supra (internal citation omitted). And it is generally well-settled that a prisoner's release from custody moots his claim for injunctive or declaratory relief for allegations arising while incarcerated in the institution. See, e.g, Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (no injunctive relief following transfer). Finally, Plaintiff may not properly seek injunctive relief on behalf of inmates that are presently confined or may be confined in the future.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 25, 2014

Frank D. Whitney
Chief United States District Judge